SOUTH BEND IRON WORKS *v.* COTTRELL and others. (WARDER and others, Intervenors.)

*(Circuit Court, N. D. Iowa, W. D.* May Term, 1887.)

1. CONDITIONAL SALE—MACHINE CONTRACT—PRINCIPAL AND AGENT—GARNISHMENT.

    A contract creating an agency for the sale of agricultural machines provided that all unsold machines were to be purchased by the agent at the expiration of the contract, and that they were to remain the property of the principal until paid for according to the terms of the agreement. *Held,* that such unsold machines, and the proceeds of machines sold to third parties, were not subject to garnishment in the hands of a subagent for the individual indebtedness of the agent.

2. CONSTRUCTION OF CONTRACT—USAGES OF TRADE—EVIDENCE.

    Said contract provided that such unsold machines were to be paid for in stipulated installments, during the years 1883 and 1884, and contained a marginal modification to the effect that the principal agreed "to carry over all machines left unsold at the end of the season of 1883." *Held,* that such modification was standing alone, somewhat equivocal and obscure, and that resort might be had in such instance to the well-defined and known usages of the trade as an aid in reaching a true interpretation of the contract.

3. PRINCIPAL AND AGENT—OWNERSHIP OF NOTES—WAIVER OF VARIANCE.

    Said contract further provided that the agent in selling the machines should take notes for the deferred payments upon blanks furnished by the principal containing certain provisions and stipulations. *Held,* that notes taken on other blanks, and of a different form, payable in some instances to the order of the agent, did not defeat the right of the principal to waive objection to the variance in form, and to maintain his ownership in the notes so long as the rights of innocent purchasers for value were not involved.

4. CONDITIONAL SALE—SECTION 1922, CODE IOWA—GARNISHMENT.

    Section 1922, Code Iowa, provides that "no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof without notice,

unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages." *Held,* that this section did not apply to the above contract in garnishment proceedings, where the property in dispute was in the possession of a subagent; the plaintiff in such case being neither a "creditor nor a purchaser," within the meaning of the statute, of or from said subagent.

At Law.    Demurrer to amended petition on behalf of intervenors.
*S. M. Marsh,* for plaintiff.
*C. R. Marks,* for intervenors.

SHIRAS, J.    The firm of Cottrell Bros. & Miller was, in the year 1883, engaged in the business of selling agricultural implements at Sioux City and Le Mars, Iowa, and on the third day of January of that year a written contract was entered into with the firm of Warder, Bushnell & Glessner, whereby the former named firm was appointed agent for the latter, for the sale of the Champion reapers, mowers, and binders; it being agreed that Cottrell Bros. & Miller should guaranty the sale of all machines forwarded under the agreement; and that, in case the machines were not all sold during the continuance of the contract, then the said Cottrell Bros. & Miller were to make payment for such unsold machines, either in notes of responsible farmers, properly guarantied, or in other valuable consideration, at the option of said Warder, Bushnell & Glessner; the machines to remain the property of the latter until paid for; one-third of the price thereof to come due October 1, 1883, one-third January 1, 1884, and one-third on or before October 1, 1884.    Upon the margin of the contract is entered the following modification: "It is further agreed between the parties that said Warder, Bushnell & Glessner agree to carry over all machines left unsold at the end of the season of 1883."

In the spring of 1883, Cottrell Bros. & Miller arranged to furnish machinery to Jacob Koolbeck, of Hospers, Iowa, to be by him resold and accounted for; and under this arrangement certain of the machines manufactured and furnished to Cottrell Bros. & Miller by Warder, Bushnell & Glessner were placed in the hands of Koolbeck, and part thereof was sold by him.    Cottrell Bros. & Miller failed in business, and in August, 1883, suit was brought by the South Bend Iron Works, on a debt due, and a writ of garnishment was served upon Koolbeck, and his answer taken and filed in the cause.    Thereupon Warder, Bushnell & Glessner intervened in the cause, setting up their rights under their contract, and claiming that the machines in hands of the garnishees, and the proceeds of those sold by him, belonged to them, and were not in any sense the property of Cottrell Bros. & Miller.

In the amended petition, filed by the intervenors, it is averred that, in the business of manufacturing and selling agricultural implements, the expression used in the modification entered upon the margin of the contract, as above stated, to-wit, "to carry over all machinery left unsold at the end of the season," has a well-defined and understood meaning, to the effect that the consignors were not to exact or demand payment or

settlement for machines unsold at the end of the season named in the contract, but that said machines were to be charged back to the consignors as their property; and that this construction of such phrase was well understood at Sioux City and Le Mars, and was well known to both Cottrell Bros. & Miller and Warder, Bushnell & Glessner, and had been recognized and acted upon in previous dealings between the parties, and that, in fact, such was the meaning intended to be given to such phrase by both contracting parties, when the same was made part of the contract.

One question presented by the demurrer to the amended petition is whether, in construing the contract, the court can consider the meaning which it is averred custom and usage has thus given to this phrase. If in any business or trade, by well-known and established usage, certain terms or phrases have acquired a well-defined meaning, the presumption is that, when used in a contract between parties engaged in such trade or business, and cognizant of such meaning, the parties intended such to be the construction thereof. Where the language used in a contract is plain, and its meaning free from obscurity, proof of custom or usage, in contradiction thereof, is not admissible; but the language used in this contract, standing alone, is certainly somewhat equivocal and obscure; and in such case resort may be had to the well-defined and known usages of the trade, as an aid in reaching a true interpretation of the contract between the parties.

The pivotal question between the contending parties is whether the machines, and proceeds of those sold in the hands of the garnishee, remain the property of the intervenors, or has the title thereto passed to Cottrell Bros. & Miller? The plaintiff does not stand in the position of an innocent purchaser for value, but claims to be entitled to the protection of section 1922 of the Code of Iowa, which declares that "no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession, obtained in pursuance thereof without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded the same as chattel mortgages."

The property in dispute was and is in possession of Koolbeck, and plaintiff is neither a creditor of, nor a purchaser from, him; and this statute, therefore, has no application to the case. By service of the writ of garnishment on Koolbeck, the plaintiff reached in his hands the property, if any, of Cottrell Bros. & Miller, and therefore, as already stated, the pivotal point is the question of title in the machines, and proceeds of those sold in hands of the garnishee. Without citing the various provisions of the contract under which the property was delivered by the intervenors to Cottrell Bros. & Miller, it is sufficient to state, in brief, that it declares that the latter firm is appointed agent for the intervenors; that the machines delivered remain the property of intervenors until paid for; that the intervenors agree to carry over all machines remaining unsold at end of the season of 1883, etc. As between the immediate

parties to this contract, it must be held that the title to all unsold machines remained in intervenors, no matter whether the same were in the actual possession of Cottrell Bros. & Miller, or of other parties, as subagents under the latter firm.   The contract also provides that in selling the machines Cottrell Bros. & Miller shall take notes for the deferred payments upon blanks furnished by intervenors, containing certain provisions and stipulations.   In fact, in making many of the sales, Cottrell Bros. & Miller took notes on blanks gotten up by themselves, which differed in some particulars from those furnished by intervenors, and were made payable to order of Cottrell Bros. & Miller, instead of to order of intervenors, and it is claimed that all such notes are the property of Cottrell Bros. & Miller.

The fact that in selling the property of their principals the agents disobeyed the instructions of the principal by taking notes of a different form, and varying in terms, does not change the fact that the notes actually taken are the proceeds of the principal's property, and the principals have the right to waive objection to the variance in form and special terms, and by so doing to maintain their ownership in the notes, so long as the rights of innocent purchasers for value are not involved.

The demurrer to amended petition of intervenors is therefore overruled.